**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re | Case No. 14-11482-WCH |
| | (*Substantively Consolidated*) |
| STEVEN PALLADINO and LORI PALLADINO, ET AL.,[1] | Chapter 7 |
| Debtors. | |

**NOTICE OF INTENDED PUBLIC SALE OF ESTATE PROPERTY**

__7/10/14__   **IS THE DATE OF THE PROPOSED SALE**

_____   **IS THE DATE BY WHICH OBJECTIONS MUST BE MADE**

**NOTICE** is hereby given, pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR 2002-1(a)(1), 2002-5 and 6004-1, that Mark G. DeGiacomo, the Chapter 7 Trustee (the "Trustee") of the substantively consolidated bankruptcy estates of Steven and Lori Palladino and Viking Financial Group, Inc. (collectively, the "Debtors"), intends to sell at public sale the Trustee's right, title and interest in certain property of the Palladinos' bankruptcy estates which is described below (the "Assets").

**PROPERTY TO BE SOLD:**

The Assets are comprised of (i) a 2011 BMW 328XI SULEV (the "BMW"), (ii) a 2012 Range Rover HSE Luxury Sport (the "Range Rover"), (iii) a 2012 Mercedes-Benz ML 350 (the "Mercedes"), and (iv) a 2013 Audi A5 Quattro Premium (the "Audi").

**THE AUCTION:**

The Assets will be sold at a public auction conducted by Paul E. Saperstein Co., Inc. (the "Auctioneer") at the Auctioneer's premises, located at **144 Centre Street, Holbrook, Massachusetts**

---

[1] The other Chapter 7 case substantively consolidated with In re: Steven and Lori Palladino (Case No. 14-11482) is In re: Viking Financial Group, Inc. (Case No. 14-12116).

**on July 10, 2014 at 11:00 AM** or at a date and time thereafter (the "Auction").[2]

The website address of the Auctioneer is: www.pesco.com

The proposed sale procedures are more particularly described in the Chapter 7 Trustee's Motion for Authority to Sell Certain Assets By Way of Public Auction Free and Clear of All Liens, Claims and Encumbrances (the "Motion to Sell"), a copy of which is available at no charge upon request from the undersigned or on the website of the Bankruptcy Court: www.mab.uscourts.gov.

**SALE FREE AND CLEAR OF LIENS:**

The Assets will be sold free and clear of all liens, claims, encumbrances and interests, with such perfected, enforceable valid liens, claims, encumbrances and interests, if any, attaching to the proceeds of the sale to the extent and in the same order of priority as such liens, claims, encumbrances and interests attached to the Assets pursuant to the state law.

THE SALE IS "AS IS" AND "WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND, AND EXPRESSLY EXCLUDES ANY WARRANTY OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

**OBJECTIONS:**

Any and all objections to the Trustee's Motion to Sell must be filed in writing with the Clerk, United States Bankruptcy Court for the District of Massachusetts John W. McCormack Post Office and Courthouse, 5 Post Office Square, Boston, MA 02109 and copies thereof delivered to the undersigned on or before _____ at **4:30 PM**. Any objection shall state the Debtors' name, case number and, in addition, state what, if any, interest the party filing an objection has in the case and state with particularity the grounds for the objection and why the intended sale should not be authorized. Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

Unless a creditor or party in interest files an objection to the proposed Auction pursuant to the instructions described herein, the Auctioneer will proceed to conduct the Auction as contemplated herein without further action of the Bankruptcy Court.

**HEARING:**

A hearing on the Motion to Sell, and any timely filed objections, is scheduled to take place on _____ at _____ **AM/PM** before the Honorable William C. Hillman, United States Bankruptcy Judge, Courtroom __, John W. McCormack Post Office & Courthouse, 5 Post Office Square, 12th Floor, Boston, MA 02109. Any party that has filed an objection must be present at the

---

[2] Interested parties should contact the Auctioneer to confirm the date, time and place of the Auction.

2

hearing, failing which the objection may be overruled. The Bankruptcy Court may take evidence at any hearing on approval of the sale to resolve issues of fact.  If no objection to the Motion to Sell is timely filed, the Bankruptcy Court, in its discretion, may cancel the scheduled hearing and approve the Motion to Sell without a hearing, and the rights, if any, of all of the parties in the Assets shall be transferred to the proceeds.

The Trustee reserves the right to amend or alter the terms of the Auction, and to reject any and all bids and to remove any items from the Auction if he deems such action to be in the best interests of the bankruptcy estate.

Any questions concerning the proposed auction shall be addressed to the undersigned.

Respectfully submitted,

MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATES OF STEVEN AND LORI PALLADINO, ET AL.,

By his attorneys,

/s/ Ashley S. Whyman_____
Ashley S. Whyman, Esq. BBO #670507
Mark G. DeGiacomo, Esq. BBO #118170
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile

Dated:  June __, 2014        awhyman@murthalaw.com

5293280v1