UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>STEVEN PALLADINO and<br>LORI PALLADINO, et al.,[1]<br><br>Debtors. | CHAPTER 7<br>CASE NO. 14-11482-WCH<br><br>*(Substantively Consolidated)* |

NOTICE OF INTENDED PUBLIC SALE OF ESTATE PROPERTY

___September 17, 2014___    IS THE DATE OF THE PROPOSED SALE[2]

___9/11/14___    IS THE DATE BY WHICH OBJECTIONS MUST BE MADE

**NOTICE IS HEREBY GIVEN**, pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR Rule 2002-5 and 6004-1, that the Trustee intends to sell at public sale the Debtors' right, title and interest in the following described property of the estate.

**PROPERTY TO BE SOLD:**

Certain real property known and numbered as 40 Lyall Street, West Roxbury, Massachusetts (the "Real Property"), a legal description of which is attached hereto as <u>Exhibit A</u>.

**THE AUCTION:**

The sale will be conducted by **Paul E. Saperstein & Co., Inc.** (the "Auctioneer") at the Real Property on __**September 17, 2014**__ at __**10:00**__ AM (the "Auction"). Potential bidders will have the opportunity to inspect the Property prior to the Auction. For inspection dates and times place contact the Auctioneer at 617-227-6553.

---

[1] The other Chapter 7 case substantively consolidated with In re: Steven and Lori Palladino (Case No. 14-11482) is In re: Viking Financial Group, Inc. (Case No. 14-12116).

[2] The date, time or place of the auction may change. Interested parties should contact the Auctioneer to confirm.

1

For information about the Auction, go to the website of the Auctioneer. The website address of the Auctioneer is: www.pesco.com.

The proposed sale procedures are more particularly described in the Chapter 7 Trustee's Motion for Authority to Sell Real Estate By Public Sale Free and Clear of All Liens, Claims and Encumbrances (the "Motion to Sell"), a copy of which is available at no charge upon request from the undersigned or on the website of the Bankruptcy Court: www.mab.uscourts.gov.

THE SALE IS "AS IS" AND "WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND, AND EXPRESSLY EXCLUDES ANY WARRANTY OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

All bidders will be required to deliver a deposit to the Auctioneer just prior to the commencement of the Auction. Interested parties should contact the Auctioneer about this and other terms of the Auction. The successful bidder will be required to sign a memorandum of sale at the conclusion of the Auction and will be required to close on the sale of the Real Property within 20 days of the Auction. The deposit will be forfeited to the bankruptcy estate if the successful purchaser fails to complete the sale within 20 days of the Auction. If the sale is not completed by the successful bidder, the Trustee, without further hearing or approval from this Court, may sell the Real Property to the next highest bidder. The Trustee reserves the right to amend or alter the terms of the Auction.

The Trustee reserves the right to reject any and all bids and to remove the Real Property from the Auction if he deems such action to be in the best interest of the bankruptcy estate.

**SALE FREE AND CLEAR OF LIENS:**

The Real Property will be sold free and clear of all liens, claims and encumbrances. Any perfected, enforceable and valid liens, claims or encumbrances shall attach to the proceeds of the sale according to priorities established under applicable law.

**OBJECTIONS:**

Any objections to the sale must be filed in writing with the Clerk, United States Bankruptcy Court at John W. McCormack Post Office and Courthouse, 5 Post Office Square, Boston, Massachusetts 02109 before ___9/11/14___ at **4:30** PM (the "Objection Deadline"). A copy of any objection also shall be served upon the undersigned. Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized. Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014. Any objection shall state the Debtor's name, case number and in addition, state what, if any, interest the party filing an objection has in the case.

5502240v1

**HEARING:**

A hearing on objections and the Motion to Approve Sale is scheduled to take place on ___9/17/14___ at 9:30 before the Honorable William C. Hillman, United States Bankruptcy Judge, Courtroom 2, United States Bankruptcy Court, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Boston, MA 02109. At the hearing on approval of the sale the Court may determine further terms and conditions of the sale. Any party who has filed an objection is expected to be present at the hearing, failing which the objection may be overruled. The Court may take evidence at the hearing to resolve issues of fact. If no objection to the Motion to Approve Sale is timely filed, the Court, in its discretion, may cancel the scheduled hearing and approve the sale without a hearing.

Respectfully submitted,

MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF
THE ESTATES OF STEVEN AND LORI PALLADINO,
ET AL.,

By his attorneys,

/s/ Ashley S. Whyman
Ashley S. Whyman, Esq. BBO #670507
Mark G. DeGiacomo, Esq. BBO #118170
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000 Telephone
617-482-3868 Facsimile
awhyman@murthalaw.com

Dated: August 20, 2014

5502240v1

## EXHIBIT A

### LEGAL DESCRIPTION
### 40 Lyall Street, West Roxbury, Massachusetts

That certain parcel of land in that part of Boston formerly West Roxbury in the County of Suffolk and Commonwealth of Massachusetts, situated on Addington Road and Lyall Street. Said land is shown as Lot 97 on a subdivision plan drawn by Bates & Chellman, Engineers, dated July 1, 1929, as approved by the Court filed with Certificate of Title No. 27076 as plan no. 4472-B.

The above-described land is subject to the restrictions set forth in deed from J. Oliva Auclair to Clara Durham Davies, dated September 30, 1938, filed and registered as Document No. 140103.

The above described land is subject also to the rights of the Town of Brookline, under a taking recorded with Suffolk Deeds Book 1218 Page 25 in a deed from Hannah D. Richards to the Town of Brookline dated November 14, 1879, recorded as aforesaid Book 1480 Page 39 and to rights under a taking dated January 15, 1917, recorded as aforesaid Book 4019 Page 150 and to easements granted to the Edison Electric Illuminating Company of Boston et al by instrument dated April 29, 1930, filed and registered as Document No. 98633, and to any easements acquired by the City of Boston under a taking for a sewer in Addington Road and Lyall Street, dated June 22, 1931, filed and registered as Document No. 105821 and under a taking for street purposes in Addington Road by order dated August 5, 1935, a certificate of which taking is filed and registered as Document No. 126936.

The above described land is subject to a taking by the City of Boston for highway purposes in said Lyall Street under order dated August 31, 1950, filed and registered as Document No. 193563.